IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | |
|---|---|
| ASHGAR GOOGERDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:04CV212 |
| ) | |
| NORTH CAROLINA AGRICULTURAL ) | |
| and TECHNICAL STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Motion to Amend Complaint
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, by and through counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby respectfully requests that the Court allow him to amend his complaint. In support of this motion, Plaintiff states as follows:

1. This matter was only removed to Federal Court on March 5, 2004. Discovery has not commenced. This amendment will not delay or complicate the litigation nor will it cause harm to the Defendant.

2. The amendment does not add any additional causes of action. It is not made for the purpose of harassment or delay.

3. The amendment merely corrects a procedural defect. Plaintiff requests that the Court grant this amendment so that his claim may be decided on the merits.

4. Plaintiff's counsel has attempted to contact counsel for Defendants but has not received a response..

Therefore, Plaintiff respectfully requests the Court allow him to amend his complaint in a manner substantially identical to the proposed amended complaint attached hereto as Exhibit 1.

This is the 17th day of May, 2004.

_____
Thomas B. Kobrin
Attorney for Plaintiff
N.C. State Bar # 19126
400 W. Market St., Suite 500
Greensboro, N.C. 27401
336-379-9542

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | | |
|---|---|---|
| ASHGAR GOOGERDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:04CV212 |
| | ) | |
| NORTH CAROLINA AGRICULTURAL | ) | |
| and TECHNICAL STATE UNIVERSITY, | ) | |
| JAMES RENICK and JOSEPH MONROE, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Second Amended Complaint
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, complaining of acts of Defendant, states as follows:

1. Plaintiff Dr. Ashgar Googerdy (hereinafter "Dr. Googerdy") is a citizen and resident of Greensboro, Guilford County, North Carolina. Dr. Googerdy is of Iranian descent.

2. Defendant North Carolina Agricultural and Technical State University (hereinafter "A&T") is a part of the University of North Carolina system having its principal location in Greensboro, Guilford County, North Carolina.

3. Defendant James Renick (hereinafter "Chancellor Renick") is a citizen and resident of Greensboro, Guilford County, North Carolina. At all relevant times, Chancellor Renick was the Chancellor of A&T.

4. Defendant Joseph Monroe (hereinafter "Dean Monroe") is a citizen and resident of Greensboro, Guilford County, North Carolina. At all relevant times, Dean Monroe was the Dean of the College of Engineering at A&T.

5. A&T hired Dr. Googerdy as an Adjunct Professor in or around August 2000. As an Adjunct Professor, Dr. Googerdy had a nine-month term employment contract.

6. In or around October 2000, A&T appointed Dr. Googerdy as an Associate Professor of Civil and Environmental Engineering. As an Associate Professor, Dr. Googerdy was given a four-year term employment contract. Dean Monroe notified Dr. Googerdy of this appointment and gave him the four-year term employment contract.

7. Dr. Googerdy was an excellent instructor. He helped originate new programs and was primarily responsible for drastically increasing his students' performance. For example, Dr. Googerdy was responsible for increasing the passing rate for the Fundamental Engineering test from approximately thirty- percent (30%) to one hundred percent (100%) during the time he was responsible for teaching the review course.

8. The college where Dr. Googerdy taught was dominated by people of African-American and Indian descent. A&T had a history of taking adverse employment actions against people of Iranian descent for no legitimate reason while hiring and/or promoting less qualified people of African-American or Indian descent.

9. A&T terminated Dr. Googerdy in the summer of 2002 in violation of his employment contract. Dean Monroe notified Dr. Googerdy of his termination. Dean Monroe was acting in his official capacity when he participated in the breach of Dr. Googerdy's employment contract. A&T and Dean Monroe were acting under color of state law.

10. Upon information and belief, Chancellor Renick participated in the decision to terminate Dr. Googerdy and breach his employment contract. Chancellor Renick was acting in his official capacity when he participated in the breach of Dr. Googerdy's employment contract. Chancellor Renick was acting under color of State law.

11. None of the Defendant nor any other representative of A&T ever told Dr. Googerdy why A&T broke his employment contract. None of the Defendants had a legitimate or rational reason or cause to terminate Dr. Googerdy.

12. Defendants terminated Dr. Googerdy in breach of his employment contract because of his national origin and/or race. Defendants would not have terminated Dr. Googerdy but for his national origin and/or race.

13. Defendants failed to comply with the notice or the time requirements of its administrative procedures. This failure kept Dr. Googerdy from knowing of the existence of administrative procedures to contest his termination. Dr. Googerdy did not have actual knowledge of the administrative procedures at the time of his termination. In spite of this, Dr. Googerdy substantially complied with the administrative procedures by requesting the reasons for his termination and a review of his termination. Defendants failed to provide Dr. Googerdy with the reasons for his termination or a review of the termination. In fact, Defendants informed Dr. Googerdy that he was not entitled to such information or review. Dr. Googerdy did not have an adequate remedy under state law which would have provided him with due process. Dr. Googerdy has exhausted his administrative remedies or, in the alternative, utilization of the administrative procedures was impossible, futile and waived by Defendants.

## CAUSE OF ACTION I: DISCRIMINATION

14. Plaintiff restates and incorporates by reference the facts contained in paragraphs 1-13 of this complaint.

15. Defendants terminated Dr. Googerdy and breached his employment contract because of his national origin and/or race.

16. Defendants acted willfully and maliciously with the actual intent to purge its college of people of Iranian descent.

17. Defendants' actions violated North Carolina and Federal law including Title VII, § 1981, and § 1983. Defendants have waived sovereign immunity for these claims. Dr. Googerdy timely filed a complaint with the EEOC. He received a right to sue letter and he timely filed this lawsuit.

18. Defendants' actions have damaged Dr. Googerdy economically. They have also caused him pain and suffering, mental anguish and humiliation.

19. Dr. Googerdy respectfully requests an injunction ordering Defendants to honor his contract and reinstate him to his position with back pay and benefits.

## CAUSE OF ACTION II: WRONGFUL DISCHARGE

20. Plaintiff restates and incorporates by reference the facts contained in paragraphs 1-19 of this complaint.

21. Defendants' action in terminating Dr. Googerdy because of his national origin and/or race violated North Carolina public policy (see, N.C.G.S. § 143-422.2).

22. Defendants' action constitutes wrongful discharge under North Carolina law. Defendants have waived their right to governmental immunity to such a cause of action.

23. Defendants' actions have damaged Dr. Googerdy economically. They have also caused him pain and suffering, mental anguish and humiliation.

CAUSE OF ACTION III: DEPRAVATION OF CONSTITUTIONAL RIGHTS

24. Plaintiff restates and incorporates by reference the facts contained in paragraphs 1-23 of this complaint.

25. Defendants' action in terminating Dr. Googerdy because of his national origin and/or race violated the North Carolina constitution (see, Article I § 19).

26. If, in the alternative, Dr. Googerdy cannot maintain an action for wrongful discharge, then he has no adequate remedy under state law. Defendants have no defense of sovereign immunity to this cause of action.

27. Defendants' actions have damaged Dr. Googerdy economically. They have also caused him pain and suffering, mental anguish and humiliation.

28. Dr. Googerdy respectfully requests that the Court fashion an appropriate remedy for this violation including reinstatement, back pay, compensation for lost benefits and compensation for his mental anguish and humiliation.

CAUSE OF ACTION IV: BREACH OF CONTRACT

29. Plaintiff restates and incorporates by reference the facts contained in paragraphs 1-28 of this complaint.

30. Defendants breached Dr. Googerdy's employment contract without legal justification.

31. Defendants' actions have damaged Dr. Googerdy economically. They have also caused him pain and suffering, mental anguish and humiliation.

PLAINTIFF DEMANDS A TRIAL BY JURY

THEREFORE, Plaintiff prays the Court that he have and recover of Defendants:

1.  Compensation for Defendants' unlawful termination of Plaintiff;

2.  An injunction ordering Defendants to reinstate Plaintiff with back pay and benefits;

3.  Compensation for Defendants' breach of Plaintiff's employment contract;

4.  Punitive damages as allowed by law;

5.  The costs of this action including his reasonable attorney fees; and

6.  Such other and further relief as the Court deems just and proper.

This is the _____ day of _____, 2004.

Thomas B. Kobrin
Attorney for Plaintiff
N.C. State Bar # 19126
400 W. Market St., Suite 500
Greensboro, N.C. 27401
336-379-9542

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

ASHGAR GOOGERDY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:04CV212
)
NORTH CAROLINA AGRICULTURAL )
and TECHNICAL STATE UNIVERSITY, )
JAMES RENICK and JOSEPH MONROE, )
)
    Defendants. )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Certificate of Service
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The undersigned certifies that he served the forgoing second amended complaint by depositing the same in first-class, postage prepaid U.S. mail addressed to:

Ms. Kimberly D. Potter
Assistant Attorney General
P.O. Box 629
Raleigh, N.C. 27602

This is the ____ day of _____, 2004.

                                            Thomas B. Kobrin
                                            Attorney for Plaintiff
                                            N.C. State Bar # 19126
                                            400 W. Market St., Suite 500
                                            Greensboro, N.C. 27401
                                            336-379-9542

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | | |
|---|---|---|
| ASHGAR GOOGERDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:04CV212 |
| | ) | |
| NORTH CAROLINA AGRICULTURAL | ) | |
| and TECHNICAL STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Certificate of Service
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The undersigned certifies that he served a copy of the foregoing Plaintiff's Motion to Amend and proposed Order by depositing the same in postage prepaid, first class U.S. mail addressed to:

Ms. Kimberly D. Potter
P.O. Box 629
Raleigh, N.C. 27602-0269

This is the 17th day of May, 2004.

_____
Thomas B. Kobrin
Attorney for Plaintiff
N.C. State Bar # 19126
400 W. Market St., Suite 500
Greensboro, N.C. 27401
336-379-9542