16,

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

ASHGAR GOOGERDY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:04CV212
)
NORTH CAROLINA AGRICULTURAL )
and TECHNICAL STATE UNIVERSITY, )
)
    Defendant. )

*****************************
Brief in Support of Plaintiff's Motion to Amend
*****************************

Plaintiff Ashgar Googerdy (hereinafter "Googerdy"), by and through counsel, hereby files this brief in support of his motion to amend his complaint.

## NATURE OF MATTER BEFORE COURT

Googerdy filed a lawsuit against Defendant in the Superior Court of North Carolina on October 3, 2003 alleging that Defendant discriminated against him because of his national origin and that Defendant breached his employment contract. In response, Defendant filed a Motion to Dismiss on December 3, 2003 alleging three reasons the complaint should be dismissed: (1) failure to exhaust administrative remedies (State Court Motion to Dismiss, ¶ 1), (2) sovereign immunity (State Court Motion to Dismiss, ¶ 2) and (3) failing to set forth the statutes underlying the cause of action for "Discrimination." (State Court Motion to Dismiss, ¶ 3 & Defendant's State Court Memorandum of Law, pp. 8-10). Given notice pleading, Plaintiff's counsel does not believe that he was required to set forth the statutory basis for the discrimination claim. However, to avoid controversy, Googerdy filed an amended complaint on February 6,

2004 braking down the original cause of action for discrimination into three enumerated causes of action all setting forth basis for proceeding on the charge that Defendant discriminated against Googerdy as a result of his national origin. Judge Burke denied Defendant's motion to dismiss during the February 2, 2004 term of court. In response, Defendant removed this matter to Federal District Court on March 5, 2004. Defendant filed its motion to dismiss in Federal District Court on April 2, 2004 arguing substantially the same grounds already ruled upon by the State Court. Plaintiff filed this motion to amend his complaint on May 17, 2004.

## STATEMENT OF THE FACTS

Defendant hired Googerdy in August 2000 to a nine-month term as an adjunct professor. (Amended Complaint ("AC"), ¶ 3) In October 2000, Defendant changed Googerdy's status by appointing him an associate professor and giving him a four-year employment contract. (AC, ¶ 4) Googerdy was an excellent instructor who dramatically increased student performance. (AC, ¶ 5)

Defendant has a history of discriminating against people of Iranian descent in order to promote employees of African-American or Indian descent. (AC, ¶ 6) In spite of his excellent record and his four-year employment contract, Defendant told Googerdy that he was being terminated in August 2002. (Googerdy Aff'd, ¶ 4) Googerdy repeatedly attempted to communicate and meet with members of Defendant's administration in order to have the decision to terminate him reviewed and to find out the reason why he was being terminated. (Googerdy Aff'd, ¶ 4-8) Defendant refused to review the termination or even tell Googerdy why he was terminated. Defendant denied

that Googerdy had any right to a meeting to review the termination and Defendant denied that they had to tell him the reason for the termination. (Googerdy Aff'd, ¶ 11)

ARGUMENT

The rule states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.Pro. 15(a). This amendment is being offered very early in the litigation as this case was only removed to Federal Court on March 5, 2004. This amendment does not change the substance of the complaint or the real parties in interest. It will not delay the case nor will it prejudice Defendant. Defendant was already aware of the involvement of the named individuals as evidenced by the affidavit of Dr. Monroe filed by Defendant. The amendment is being offered merely to correct a procedural defect in the original complaint.

CONCLUSION

Googerdy respectfully requests that the Court allow him to amend his complaint so that his cause of action may be decided on the merits.

This is the 17th day of May, 2004.

*[signature]*
Thomas B. Kobrin
Attorney for Plaintiff
N.C. State Bar # 19126
400 W. Market St., Suite 500
Greensboro, N.C. 27401
336-379-9542

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Greensboro Division

| | |
|---|---|
| ASHGAR GOOGERDY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA AGRICULTURAL )<br>and TECHNICAL STATE UNIVERSITY, )<br>)<br>Defendant. ) | Civil Action No. 1:04CV212 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Certificate of Service
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The undersigned certifies that he served a copy of the foregoing Plaintiff's Brief in Support of his Motion to Amend his complaint by depositing the same in postage prepaid, first class U.S. mail addressed to:

Ms. Kimberly D. Potter
P.O. Box 629
Raleigh, N.C. 27602-0269

This is the 17th day of May, 2004.

_____
Thomas B. Kobrin
Attorney for Plaintiff
N.C. State Bar # 19126
400 W. Market St., Suite 500
Greensboro, N.C. 27401
336-379-9542