IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ASHGAR GOOGERDY,              )
                              )
     Plaintiff,               )
                              )
     v.                       )     1:04CV00212
                              )
NORTH CAROLINA AGRICULTURAL   )
AND TECHNICAL STATE UNIVERSITY,)
                              )
     Defendant.               )

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff Ashgar Googerdy filed this action against Defendant North Carolina Agricultural and Technical State University ("NC A&T") alleging breach of contract, wrongful discharge, discrimination under Title VII of the Civil Rights Act of 1964, and deprivation of rights under the North Carolina Constitution. The matter is before this court on two separate motions by Defendant. First, Defendant moved for summary judgment on all claims filed by Plaintiff.[1] Plaintiff submitted a response to Defendant's motion. Second, Defendant filed a motion to strike in relation to two contentions contained in Plaintiff's response. For the reasons stated below, this court remands the case to state court and does not address Defendant's motions.

---

[1] The first submission of Defendant's motion to dismiss was subject to a deficiency order for not complying with Local Rule 7.3(a), and was therefore corrected and resubmitted.

**I.   FACTUAL BACKGROUND**

Dr. Ashgar Googerdy ("Dr. Googerdy") began his employment with NC A&T in the mid-1980s as an assistant professor in NC A&T's College of Engineering ("COE").  He taught at the University in a tenure track position, working under multiple employment contracts from 1986 until May 1991.  (Neal Depo. ¶ 11.)  After 1991, Dr. Googerdy continued to teach within the NC A&T University as an adjunct professor under yearly contracts, however, he no longer served in a tenure track position.  (Neal Depo. ¶ 11; Googerdy Depo. 33-43.)

The circumstances surrounding Dr. Googerdy's employment beginning in the summer of 2000 are heavily in dispute.  According to Defendant, Dr. Googerdy taught under a series of one-year (or a single academic year) contracts as an adjunct professor.  (Monroe Depo. ¶¶ 7-15; Sarin Depo. ¶¶ 8-10; Rojeski Depo. ¶¶ 11-14.)  Defendant maintains that it (via Dean Monroe) decided not to rehire Dr. Googerdy for the 2002-2003 academic year after taking into account Dr. Googerdy's below average student evaluations, Dr. Rojeski's observations of Dr. Googerdy's classes, reports of student complaints, and the COE's staffing needs.  (Monroe Depo. ¶¶ 20-24.)

Plaintiff contends, however, that two contracts existed with the Defendant as referenced in two different letters from Dean Monroe:  one that purports to hire him for a one-year term beginning August 14, 2000, and ending in May 2001, and another for a term of four years beginning January 1, 2001, and ending on

2

December 31, 2004.  (Monroe Depo. ¶ 30; Exs. 5-6.)  Though both letters bear Dean Monroe's signature, Dean Monroe contends that he did not sign the letters, and that the signatures are in fact forgeries.  (Monroe Depo. ¶ 31.)

Regardless of the differing accounts, Dean Monroe informed Dr. Googerdy that he would not be employed as a professor for the 2002-2003 academic year.  (Monroe Depo. ¶ 25.)  In response to this action, Dr. Googerdy returned to Dean Monroe's office and produced the two employment letters.  (Monroe Depo. ¶ 30.)  When Dean Monroe denied signing the letters (and referred the matter to campus police), Dr. Googerdy wrote to Chancellor Renick and Provost Meyers to challenge Dean Monroe's decision.  (Monroe Depo. ¶ 44.)  After being told that the Dean's decision was final, Dr. Googerdy ultimately filed this lawsuit.

## II.  PROCEDURAL HISTORY

Plaintiff filed a complaint in the Guilford County Superior Court alleging breach of contract and discriminatory termination. Plaintiff amended the complaint maintaining that Defendant's actions violated both the North Carolina Constitution, Article I § 19, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983.  After Plaintiff amended the complaint to include a federal cause of action, Defendant successfully petitioned for removal to this United States District Court.

Defendant submitted an answer to Plaintiff's amended complaint accompanied by a motion to dismiss.  Plaintiff responded to Defendant's motion and concurrently made a motion to

3

amend the complaint.  In a memorandum opinion and order, dated
August 24, 2005, this court denied Plaintiff's motion to amend
and granted in part and denied in part Defendant's motion to
dismiss.  The court dismissed Plaintiff's discrimination claim
under Title VII (specifically, 42 U.S.C. §§ 1981, 1983) for two
reasons:  (1) a § 1981 action does not allow a person to seek a
remedy against a state actor, and (2) a § 1983 action excludes a
state (or NC A&T as an alter ego of a state) from the definition
of a "person" subject to suit.[2]  The court also dismissed
Plaintiff's wrongful discharge claim, as such a claim requires an
at-will employment relationship and Plaintiff contends a term
employment contract existed.

The court denied Defendant's motion to dismiss for both the
breach of contract claim and the claim that Defendant deprived
Plaintiff of his rights under the North Carolina Constitution.

**III. ANALYSIS**

Federal courts are courts of limited jurisdiction, and they
may exercise such jurisdiction as authorized only by statute and
the Constitution, not by judicial decree.  <u>Rasul v. Bush</u>, 542
U.S. 466, 489 (2004).  When a federal court has jurisdiction over
one claim in a matter, it may exercise supplemental or pendent
jurisdiction over other claims that "derive from a common nucleus
of operative fact."  <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715,
726 (1966); <u>see also</u> 28 U.S.C. § 1367.  Accordingly, a federal

---

[2] The court also dismissed Plaintiff's prayer for punitive damages for violation of his federal civil rights on account of dismissing the claims under § 1981 and § 1983.

4

court may decide to exercise jurisdiction over state law claims once a case has been properly removed under 28 U.S.C. § 1441(a). See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 346 (1988).

When a federal court dismisses the claim on which the basis for federal jurisdiction exists, the court may exercise its discretion in deciding whether to hear the pendent state claims, as "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." Id. at 350 (internal quotations and citation omitted). According to the Supreme Court, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over . . . pendent state-law claims." Id. (citation omitted). The Court emphasized that when "the balance of these factors indicates that a case properly belongs in state court, <u>as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain</u>, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Id. (citation omitted)(emphasis added).

Considering the current posture of this matter, remand of the remaining claims to North Carolina Superior Court is appropriate. After this court dismissed Plaintiff's claim under Title VII of the Civil Rights Act of 1964, the only claims remaining were those for breach of contract and deprivation of

5

rights under the North Carolina Constitution.[3] Both of these claims present questions of state law. Since the North Carolina state courts are better suited to handle state law questions, especially those that arise under the North Carolina Constitution, principles of judicial economy and fairness require remand. This court, therefore, will adhere to the principle that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers, 383 U.S. at 726.

IV. **CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that this matter is REMANDED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [34] and Motion to Strike [44] are DENIED as moot.

This the 1st day of September 2006.

                                   /s/ William L. Osteen
                                   United States District Judge

---

[3] This court recognizes that Defendant included in its motion a ten-page argument supporting summary judgment on a claim the court dismissed on August 24, 2005.